Opinion for the Court filed PER CURIAM.
Concurring opinion filed by Circuit Judge KAVANAUGH.
PER CURIAM:
Jefferson Morley submitted a Freedom of Information Act request to the CIA for records related to CIA officer George E. Joannides. Morley believed the records might shed light on the assassination of President John F. Kennedy because Joannides had served as the CIA case officer “in charge of’ a Cuban group whose officers had contact with Lee Harvey Os *690 wald in the months before the assassination. After not obtaining documents from the CIA, Morley filed a FOIA suit and as a result subsequently received some documents from the CIA. Morley then sought attorney’s fees as a substantially prevailing party. See 5 U.S.C. § 552(a)(4)(E)®. The District Court applied the four-factor standard that this Circuit has set forth for considering a substantially prevailing party’s entitlement to attorney’s fees in FOIA cases. See Morley v. CIA, 828 F.Supp.2d 257, 261 (D.D.C.2011). Those four factors are: (1) the public benefit derived from the case, (2) the commercial benefit to the requester, (3) the nature of the requester’s interest in the information, and (4) the reasonableness of the agency’s conduct. Applying those four factors, the District Court determined that Morley should not receive attorney’s fees. Id.
This Court recently elaborated on one of those four factors, the public-benefit factor, which looks to the public benefit derived from the plaintiffs FOIA suit. See Davy v. CIA 550 F.3d 1155 (D.C.Cir.2008). Davy, like this case, concerned a request for records related to President Kennedy’s assassination. In Davy, this Court said that records “about individuals allegedly involved in President Kennedy’s assassination[] serve[] a public benefit.” Id. at 1159. We also noted that the standard for entitlement to attorney’s fees does not “disqualify plaintiffs who obtain information that, while arguably not of immediate public interest, nevertheless enables further research ultimately of great value and interest, such as here the public understanding of a Presidential assassination.” Id. at 1162 n. 3. We concluded, moreover, that “a balancing of the factors can only support the conclusion that Davy is entitled to an award of attorney’s fees.” Id. at 1163.
In this case, the District Court did not consider the Davy Court’s analysis of the public-benefit factor. See Morley, 828 F.Supp.2d at 262-64. We therefore vacate and remand for the District Court to apply the four-factor standard in a manner consistent with Davy. We take no position here on whether the District Court should award fees.

So ordered.