# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 16-5067**

**September Term, 2017**

**1:08-cv-01252-BJR**

**Filed On:** March 9, 2018

Angela Clemente,

      Appellant

     v.

Federal Bureau of Investigation, et al.,

      Appellees

**BEFORE:** Garland, Chief Judge; Henderson, Rogers, Tatel, Griffith, Kavanaugh*, Srinivasan, Millett, Pillard, Wilkins, and Katsas, Circuit Judges; Edwards, Senior Circuit Judge

# O R D E R

    Upon consideration of appellant's petition for rehearing en banc and the response thereto; appellant's motion for leave to reply; and the absence of a request by any member of the court for a vote on the petition, it is

    **ORDERED** that the motion for leave be denied.  It is

    **FURTHER ORDERED** that the petition be denied.

## Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk
BY:  /s/
Ken R. Meadows
Deputy Clerk

* A separate statement by Circuit Judge Kavanaugh, concurring in the denial of rehearing en banc, is attached.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 16-5067**                                    **September Term, 2017**

Kavanaugh, *Circuit Judge*, concurring in the denial of rehearing en banc:

As explained in my separate opinion in Morley v. CIA, 719 F.3d 689 (D.C. Cir. 2013), this Court's four-factor test for awarding attorney's fees in FOIA cases is inconsistent with FOIA's text and structure, and impermissibly favors some FOIA plaintiffs over other equally deserving FOIA plaintiffs. In an appropriate case, I believe that the en banc Court should re-examine and jettison that four-factor test. But for reasons explained by the Government in its response to the petition for rehearing en banc, this case is not an appropriate vehicle for such reconsideration.